IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MAGGIE R. STARR,** for minor R.L.P., | * * * * |
| Plaintiff, | * * Case No.: RWT 09cv1629 |
| v. | * * |
| **AFLOA/JACC,** | * * |
| Defendant. | * * |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maggie R. Starr filed a pro se Complaint, alleging that Defendant Air Force Legal Operations Agency, Claims and Tort Litigation Division ("AFLOA/JACC") is liable for injuries sustained when her son fell from a defective bicycle purchased at the Andrew Air Force Base Home Tradition store. [Paper No. 2]  Defendant AFLOA/JACC moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because the alleged tort was committed not by an employee of the United States government, but rather by one of its independent contractors. [Paper No. 17].  Because the Court lacks subject matter jurisdiction over the alleged tortious conduct, Plaintiff's Complaint must be dismissed.

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the Government's sovereign immunity.  See FTCA, ch. 753, 60 Stat. 842 (1946) (codified as amended in scattered sections of 28 U.S.C.).  Pursuant to the FTCA, a plaintiff may sue the United States for damages in compensation for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  An "[e]mployee of the government includes officers or employees of any

1

federal agency, members of the military or naval forces of the United States, . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States." Id. § 2671. The term "federal agency" explicitly excludes "any contractor with the United States." Id. Therefore, the FTCA retains immunity for the United States for injuries caused by the acts or omissions of independent contractors performing work for the Government. See Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

If the alleged tortious conduct was performed by an independent contractor, rather than an agent or employee of the federal government, the United States has not waived its sovereign immunity and, therefore, the district court must dismiss the action for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Robb, 80 F.3d at 887 n.2; Williams, 50 F.3d at 304–05; Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under the FTCA, the plaintiff bears the burden of persuasion and must establish an unequivocal waiver of immunity with respect to his claim." Lumpkins v. United States, 187 F. Supp. 2d 535, 538 (D. Md. 2002).

In this case, Plaintiff has failed to demonstrate that this Court has subject-matter jurisdiction over the alleged tortious conduct. Defendant has presented evidence that the allegedly defective bicycle was neither manufactured nor assembled by the United States or any of its agents. Defendant submitted an affidavit from Veronica Reese, who was manager of the Home Traditions Store at Andrews Air Force Base, Maryland, in June of 2008. (Def's Mot. Ex.1) In her affidavit, Ms. Reese stated that the Upland Aggressor bicycle purchased by Plaintiff on June 19, 2008, at the Home Traditions Store was manufactured not by AAFES, but by a vendor that sells bicycles. (Id.) Ms. Reese further stated that an independent contractor to

AAFES called Impact Bike Assembly Company ("IMPACT") assembled bicycles for AAFES and that it was her belief that an IMPACT employee or agency assembled the bicycle purchased by Plaintiff. (Id.) In response, Plaintiff has not presented any evidence that an employee of the Government, rather than an independent contractor, manufactured or assembled the allegedly defective bicycle. Accordingly, Plaintiff has not established that the Government waived its immunity, and the Court must dismiss the case for lack of subject-matter jurisdiction.

For the reasons stated here, it is this 25th day of November, 2009, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Defendant's Motion To Dismiss for Lack of Subject-Matter Jurisdiction [Paper No. 17] is **GRANTED**, and it is further

**ORDERED**, that judgment and costs be entered in favor of Defendant, and it is further

**ORDERED**, that the Clerk close this case.


November 25, 2009

                                                  /s/
                                ROGER W. TITUS
                       UNITED STATES DISTRICT JUDGE